

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MICHE'LE HUTCHISON, a minor, )
by and through her next of kin, her mother, )
CATHERINE HUTCHISON, and )
CATHERINE HUTCHISON, individually, )
)
        Plaintiffs, )
)
vs. )
)
CITY OF CHICAGO, ILLINOIS, )
CHICAGO POLICE OFFICER )
MARTINEZ, UNKNOWN )
CHICAGO POLICE OFFICER and J.C. )
PENNEY CORPORATION, INC., )
)
        Defendants. )

JUDGE AMY ST. EVE

MAGISTRATE JUDGE SCHENKIER

No. **05C 4836**

**FILED**

AUG 2 2 2005 *rg*

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

## COMPLAINT AND JURY DEMAND

MICHE'LE HUTCHISON ("Miche'le"), a minor, by and through her next of kin,

her mother, CATHERINE HUTCHISON, and CATHERINE HUTCHISON

("Catherine"), individually, complain of the Defendants, CITY OF CHICAGO,

ILLINOIS, CHICAGO POLICE OFFICER MARTINEZ, UNNAMED CHICAGO

POLICE OFFICER, and J.C. PENNEY CORPORATION, INC., and state as follows:

### JURISDICTION

1. This complaint alleges violations of plaintiff Miche'le's rights under the Fourth

    and Fourteenth Amendments to the United States Constitution and 42 U.S.C

    §1983; therefore jurisdiction of this court is invoked pursuant to 28 U.S.C §1331.

2. This complaint also alleges violations of both plaintiffs' rights under state laws

    and jurisdiction of this court is invoked pursuant to its supplemental jurisdiction

    under 28 U.S.C §1367.

1

## PARTIES

3. Plaintiff Miche'le Hutchison is a 14-year-old African American female. She is a 9th grade student at Central High School. She is represented in this action by her mother, Catherine Hutchison. For all relevant times herein, Miche'le Hutchison is a resident of the City of Chicago, Northern District of Illinois.

4. Plaintiff Catherine Hutchison in an adult African American female and a resident of the City of Chicago, Northern District of Illinois. She is plaintiff Miche'le Hutchison's mother and responsible for Miche'le Hutchison's care and custody.

5. Defendant Martinez is a police officer employed by the Chicago Police Department

6. Defendant Unknown Chicago Police Officer is a police officer employed by the Chicago Police Department.

7. Defendant J.C. Penney Corporation, Inc., is a Delaware corporation with its principal place of business in Plano, Texas. It is authorized to do business in Illinois and engages in business in this district.

## VENUE

8. The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

9. On the evening of April 11, 2005, at approximately 6:00 p.m., plaintiff Miche'le Hutchison was shopping in the JC Penney department store located in the Ford

2

City Mall, Chicago, Illinois. Plaintiff Miche'le was acting in full conformity with all laws, statutes, and ordinances of the Untied States, the State of Illinois, and the City of Chicago. Miche'le was 14 years old.

10. At said time and place, plaintiff Miche'le was detained by the J.C. Penney security guards and brought to the security center within the store premises. Several hours later, defendants Martinez and Unknown Chicago Police Officer entered the security center and interrogated Miche'le as to her identity and proceeded to question her further without first giving her Miranda warnings.

11. During the questioning, without cause or provocation given by plaintiff Miche'le, defendant Martinez began to verbally harass her. Miche'le asked the defendant Unknown Chicago Police Officer if she was being harassed because she was African American. Defendant Martinez then began violently poking Miche'le's forehead with her index finger. Defendant Martinez then smacked Miche'le with her hand, slamming Miche'le's head back into the wall behind her and causing Miche'le's nose to bleed and her scalp to become bruised and swollen. Defendant Martinez then began punching and beating Miche'le about her head and face with her fists. During this entire episode, defendant Unknown Chicago Police Officer remained in the security room and did nothing to stop defendant Martinez from administering this beating to minor plaintiff Miche'le Hutchison.

12. At this time, without a warrant and without reasonable belief that plaintiff Miche'le Hutchison was guilty of a crime, defendants Martinez and Unknown Chicago Police Officer wrongfully and unreasonably seized and arrested plaintiff Miche'le and deprived her there and then of her liberty.

3

13. While effectuating the unlawful arrest and detention of Miche'le, defendants Martinez and Unknown Chicago Police Officer wrongfully and illegally used excessive and unnecessary force without cause or provocation given by plaintiff Miche'le. The excessive and unnecessary force includes, but is not limited to physically grabbing Miche'le, pulling her hair, slamming her over a desk, violently twisting her arm behind her back, and placing handcuffs on her in an overly restrictive and tight manner causing bruising and swelling to her wrists.

14. Defendant Unknown Chicago Police Officer taunted plaintiff Miche'le after this illegal beating, "Do you have the chip off of your shoulder now?" Defendant Unknown Chicago Police Officer witnessed and participated in said illegal arrest and failed to prevent, stop, or report defendant Martinez's unlawful conduct.

15. During the entire time in which these events occurred, at least one employee/manager of defendant J.C. Penney Corporation, Inc., was present in the security room and took no action to stop the said unlawful conduct or otherwise to protect plaintiff Miche'le Hutchison from physical harm.

16. Following said unlawful arrest, defendants Martinez and Unknown Chicago Police Officer continued said unlawful seizure and arrest of plaintiff Miche'le by forcibly transporting her, crying and in handcuffs, to the 63rd and St. Louis police station. Plaintiff Miche'le repeatedly requested for her handcuffs to be loosened, but both defendants Martinez and Unknown Chicago Police Officer refused.

17. Upon arrival at the police station, plaintiff Miche'le requested from defendant Martinez a tissue to stop the nosebleed she had suffered as a result of the beating. Defendant Martinez willfully and maliciously ignored the plaintiff's injuries and

4

refused to provide the plaintiff with a tissue or any other form of treatment. After Miche'le was processed at this police station, she was forcibly placed in the rear of the squad car and transported to the 51st and Wentworth police station.

18. Upon arrival at the 51st and Wentworth police station, plaintiff Miche'le was unreasonably locked in an adult holding cell where she was searched and threatened with continued custody. Plaintiff Miche'le remained in the adult holding area, scared, crying, and suffering from severely bruised wrists caused by the handcuffs, and a nosebleed and painful head injury caused by the beating she received from defendant Martinez. Plaintiff Miche'le Hutchison was neither offered nor provided treatment for her injuries.

19. After an hour of isolation in the adult holding cell, Miche'le was allowed to see her mother, plaintiff Catherine Hutchison. Defendants Martinez and Unknown Chicago Police Officer refused to answer any questions Catherine asked about the seizure and treatment of her child.

20. Plaintiff Miche'le Hutchison was released later that night. No charges were lodged against her then or at any subsequent time.

21. Plaintiff Miche'le did not violate any law or commit any crime at any time related to the above–described events. Plaintiff has suffered and continues to suffer from such afflictions as extreme humiliation and embarrassment, and physical and emotional pain and anguish as a result of the wrongs committed by the defendants.

22. Defendants Martinez and Unknown Chicago Police Officer, acting under the color of law by virtue of their positions as Chicago Police Officers, in violation of

5

plaintiff Miche'le's rights under the Fourth and Fourteenth Amendments to the United States Constitution wrongfully and unreasonably seized, battered, arrested and imprisoned plaintiff Miche'le.

<u>COUNT I – 42 U.S.C. §1983</u>

23. Plaintiff adopts and re-alleges paragraphs 1-22 as if fully repleaded herein.

24. On April 11, 2005, the defendants Martinez and Unknown Chicago Police Officer, acting under color of law, arrested plaintiff Miche'le Hutchison without a warrant and without probable cause. This arrest was in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

25. During the said arrest of plaintiff Miche'le Hutchison, defendant Martinez used excessive, unwarranted, and unnecessary force in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States in pushing plaintiff Miche'le, slamming her head into the wall behind her, causing her nose to bleed and the back of her head to bruise and swell. Defendant Martinez then proceeded to repeatedly and unnecessarily punch Miche'le's head and face. Defendant Martinez and Unknown Chicago Police Officer then restrained Miche'le in an unreasonably restrictive manner, with handcuffs affixed far tighter than circumstances required. As a result of the defendant Martinez's overly violent actions, Miche'le suffered bruising and swelling of her wrists, a bloody nose and a knot on the back of her head causing her to experience continuous headaches since the incident. Plaintiff Miche'le has further suffered

6

severe physical and psychological injuries which have required and will continue

to require extensive and expensive medical and psychological treatment.

26. During the time of the arrest and battery of the plaintiff, defendant Unknown

Chicago Police Officer stood by and watched defendant Martinez's illegal actions

and failed to intervene, stop, or report defendant Martinez's illegal conduct;

thereby participating in the above stated violations of the United States

Constitution.

27. The acts committed by the defendants were done maliciously, willfully and

wantonly, intentionally, and with reasonable certainty that the acts were in

violation of the plaintiff's constitutional rights and would cause harm to the

plaintiff.

28. Plaintiff Miche'le Hutchison has suffered physical harm, the loss of confidence in

authority, emotional trauma, and embarrassment, all compensable as emotional

distress, and other damages.

WHEREFORE, plaintiff Miche'le Hutchison respectfully prays that this court grant

judgment against the defendants in a fair and just amount sufficient to compensate her for

the injuries that she has suffered, plus a substantial sum in punitive damages against each

of the defendants Martinez, Unknown Chicago Police Officer, and City of Chicago, costs

and reasonable fees, and all other relief as this Court finds just and equitable.

## COUNT II – BATTERY

29. Plaintiff adopts and re-alleges paragraphs 1-28 as if fully repleaded herein.

30. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under

28 U.S.C. §1367.

7

31. On April 11, 2005, defendant Martinez without cause or permission of the plaintiff, used excessive force in pushing plaintiff Miche'le thus causing her head to bang against the wall. Defendant then proceeded to repeatedly punch Miche'le about the head and face, after which, the defendants Martinez and Unknown Chicago Police Officer restrained plaintiff Miche'le with handcuffs in an overly brutal manner. As a result of defendants' actions, Miche'le suffered abrasions and bruising on her wrists, a bloody nose and a knot on the back of her head causing her continuous headaches since the incident. Plaintiff Miche'le has further suffered severe psychological injuries which have required and will continue to require extensive and expensive psychological treatment

32. The defendants maliciously, wantonly and willfully, intentionally, and without legal cause to do so caused the plaintiff's physical injuries.

WHEREFORE, plaintiff Miche'le Hutchison respectfully prays that this court grant judgment against the defendants in a fair and just amount sufficient to compensate her for the injuries that she has suffered, plus a substantial sum in punitive damages against each of the defendants Martinez, Unknown Chicago Police Officer, and City of Chicago, costs and reasonable fees, and all other relief as this Court finds just and equitable.

COUNT III – INTENTONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff adopts and re-alleges paragraphs 1-32 as if fully repleaded herein.

34. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.

35. Defendants Martinez and Unknown Chicago Police Officer maliciously, wantonly and willfully, intentionally, and without legal cause to do so caused the plaintiff's emotional injuries.

36. Defendants Martinez and Unknown Chicago Police Officer unreasonably handcuffed and arrested plaintiff Miche'le causing her to suffer the shame and stigma of being arrested in her community. The defendants intentionally instilled fear and terror into the mind of plaintiff Miche'le by forcibly arresting and unnecessarily beating her without lawful justification and without reason to believe that plaintiff had committed a crime, handcuffing, searching, and confining her to an adult holding area, taunting her and threatening her with extended isolation, and keeping her from her mother. As a result, plaintiff Miche'le has suffered severe psychological injuries which have required and will continue to require extensive and expensive psychological treatment.

37. In causing the plaintiffs severe emotional harm, defendants Martinez and Unknown Chicago Police Officer were acting as employees of defendant Chicago Police Department and within the scope of their employment.

38. Defendants Martinez and Unknown Chicago Police Officer's conduct in arresting, prosecuting, beating, and imprisoning plaintiff Miche'le Hutchison was extreme and outrageous conduct.

39. Defendants Martinez and Unknown Chicago Police Officer's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of human decency.

9

40. The emotional distress sustained by plaintiff Miche'le Hutchison was not only severe, but a pain that no 14-year-old child could be expected to endure.

41. Defendants were aware that their conduct was such that would cause severe emotional distress to plaintiff Miche'le Hutchison.

WHEREFORE, plaintiff Miche'le Hutchison respectfully prays that this court grant judgment against the defendants in a fair and just amount sufficient to compensate her for the injuries that she has suffered, plus a substantial sum in punitive damages against each of the defendants Martinez, Unknown Chicago Police Officer, and City of Chicago, costs and reasonable fees, and all other relief as this Court finds just and equitable.

## COUNT IV – MUNICIPAL LIABILITY

42. Plaintiff adopts and re-alleges paragraphs 1-41 as if fully repleaded herein.

43. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.

44. The violations of the plaintiff's constitutional rights as described in this complaint were caused by implementation of policies and practices of defendant City of Chicago.

45. The failure of said defendant to adequately train, supervise, and discipline defendants Martinez and Unknown Chicago Police Officer regarding the proper arrest procedures of minors, generally, and African American female minors in particular, resulted in the above-described severe harm caused to plaintiff Miche'le.

46. The policy and practice of City of Chicago to fail to train, supervise, and discipline officers regarding proper arrest procedures of minors prior to the

incidents described herein, despite being aware of such deficiencies, is demonstrated by the following cases filed in this court, as well as many other similar claims: Naomi Freeman v. City of Chicago, 04 C 1553; Kimiya Gladney et al v. City of Chicago, 05 C 3636; Octansia Adams et al v. City of Chicago, 05 C 3636; and Ryan O'Meara v. City of Chicago, 97 C 1540, in which African American female minors were all illegally beaten or falsely arrested by Chicago police officers.

WHEREFORE, plaintiff Miche'le Hutchison respectfully prays that this court grant judgment against the defendants in a fair and just amount sufficient to compensate her for the injuries that she has suffered, plus a substantial sum in punitive damages against defendant City of Chicago, plus costs and reasonable fees, and all other relief as this Court finds just and equitable.

## COUNT V – CORPORATE RESPONSIBILITY

47. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.

48. Jurisdiction of this court is also invoked pursuant to its diversity jurisdiction between plaintiff Miche'le Hutchison and J.C.Penney Corporation, Inc., under 28 U.S.C. § 1332.

49. Plaintiff adopts and re-alleges paragraphs 1-46 as if fully repleaded herein.

50. At all times relevant hereto, plaintiff Miche'le Hutchison was in the premises of defendant J.C. Penney Corporation, Inc., as a customer and business invitee at said defendant's retail store.

51. At all times relevant hereto, defendant J.C. Penney Corporation, Inc. maintained in its said retail store premises a security force of employees for, among other things, the reasonable protection of its customers' and patrons' personal safety.

52. At all times relevant hereto, defendant J.C. Penney Corporation, Inc. owed to plaintiff Miche'le Hutchison the duty to take reasonable steps and to use reasonable care for the protection of her personal safety against foreseeable tortious acts of third persons.

53. In violation of said duty, defendant J.C. Penney Corporation, Inc. committed the following acts and omissions:

    a. Despite being present in the security room throughout the incidents described in this complaint, failed to intercede and to protect plaintiff from the unlawful conduct described herein;

    b. Despite being present in the security room throughout the incidents described in this complaint, failed to intercede and to protect plaintiff from the unlawful conduct described herein after it became foreseeable that the said unlawful conduct would continue to cause further harm and injury to plaintiff; and

    c. Diverse and other acts and omissions constituting negligence.

54. The acts and omissions complained of herein proximately caused the plaintiff to suffer the injuries as described herein.

55. Defendant J.C. Penney Corporation, Inc.'s acts and omissions and failures in the face of such severe and outrageous acts on its premises, amount to willful and wanton conduct justifying the imposition of punitive damages.

WHEREFORE, plaintiff Miche'le Hutchison respectfully prays that this court grant judgment against the defendants in a fair and just amount in excess of $100,000.00, sufficient to compensate her for the injuries that she has suffered, plus a substantial sum in punitive damages against the defendant J.C. Penney Corporation, Inc., costs and reasonable fees, and all other relief as this Court finds just and equitable.

### COUNT VI- FAMILY RESPONSIBILITY

56. Plaintiff Catherine Hutchison adopts and re-alleges paragraphs 1-55 as if fully repleaded herein.

57. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.

58. At all times relevant hereto, plaintiff Catherine Hutchison was a resident of the City of Chicago, Northern District of Illinois. Plaintiff Catherine Hutchison, individually, complains of the defendants as follows:

59. Pursuant to 750 ILCS 65/5, plaintiff Catherine Hutchison, as mother of Miche'le Hutchison, is responsible and liable for all necessary medical and psychological care expenses of Miche'le Hutchison.

60. Due to the aforesaid conduct of Defendants, plaintiff Catherine Hutchison has incurred and will continue to incur large expenses for the medical and psychological treatment of Miche'le Hutchison, for which plaintiff Catherine Hutchison may recover from Defendants.

WHEREFORE, plaintiff Catherine Hutchison respectfully prays that this court grant judgment against all defendants in a fair and just amount sufficient to compensate her for the expenses that she has and will continue to incur on behalf of her daughter plaintiff

Miche'le Hutchison, costs and reasonable fees, and all other relief as this Court finds just and equitable.

Plaintiff demands a trial by jury.

MICHE'LE HUTCHISON, a minor, by and through her mother, CATHERINE HUTCHISON, and CATHERINE HUTCHISON, individually, Plaintiffs,

By _____
Attorney for Plaintiff

Jeffrey B. Granich
53 W. Jackson, Suite 840
Chicago, Il 60604
(312) 939-9009